IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FOUNDATION FITNESS PRODUCTS, LLC, an Oregon limited liability company, | Case No. 3:15-cv-564-SB<br>Case No. 3:15-cv-565-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| FreeMotion® FITNESS, a foreign corporation, | |
| Defendant. | |

**BECKERMAN, Magistrate Judge.**

Presently before the Court are consolidated cases filed by Foundation Fitness Products ("Foundation"). In the lead case (3:15-cv-564-SB), Foundation filed an Amended Complaint against FreeMotion® Fitness ("FreeMotion"), alleging a claim for breach of contract and a claim for declaratory relief, arising from an agreement entered into by the parties. Similarly, in the related case (3:15-cv-565-SB), Foundation filed an Amended Complaint against FreeMotion alleging two claims

Page 1 - FINDINGS AND RECOMMENDATION

for breach of contract and a claim for declaratory relief, arising from a second agreement. Foundation filed both Amended Complaints in the Multnomah County Circuit Court of the State of Oregon, and FreeMotion timely removed both actions to this Court.

After the cases were removed to federal court, the Court directed the Clerk to consolidate cases 3:15-cv-00564-SB and 3:15-cv-00565-MO, and, pursuant to Local Rule 42-4, 3:15-cv-00564-SB was designated the lead case. The parties were directed to file all subsequent pleadings, motions, and other case documents only in the lead case.

Two days later, FreeMotion filed a Motion to Dismiss for *Forum Non Conveniens*, seeking dismissal of both cases on the ground that litigation in this Court violates the forum-selection clauses in the parties' agreements. Foundation opposed the Motion, and filed a Motion for Leave to File Second Amended Complaint ("SAC"). Oral argument was heard on both motions on May 28, 2015.

For the reasons set forth below, FreeMotion's Motion to Dismiss for *Forum Non Conveniens* should be denied, and Foundation's Motion for Leave to File Second Amended Complaint should be granted.

## I.  FACTS AND PROCEDURAL HISTORY

Foundation is an Oregon limited liability company engaged in the business of designing and manufacturing indoor fitness bicycles, with a principal place of business in Portland, Oregon, and related operations in Boulder, Colorado. FreeMotion is a Utah corporation that manufactures, distributes, and sells fitness and exercise equipment, along with other health, wellness, and therapy products. FreeMotion's principal place of business is in Logan, Utah.

The parties entered into multiple supply contracts, including one in 2010 and a second in 2012 (collectively, "Supply Contracts"). (Def.'s Mem. Dismiss Exs. A and B.)[1] In the Supply Contracts, Foundation agreed to manufacture and supply to FreeMotion certain indoor cycling bicycles and, in exchange, FreeMotion agreed to purchase a specified minimum number of those bicycles.

Foundation alleges FreeMotion failed to pay as required under the Supply Contracts and, consequently, on November 21, 2014, Foundation filed its original Complaint against FreeMotion in the Multnomah County Circuit Court (Case No. 14CV17884). Three days later, on November 24, 2014, Foundation filed a second Complaint against FreeMotion in the same court (Case No. 14CV17925). Foundation never served these Complaints. Instead, in February 2015, Foundation filed two Amended Complaints and, on March 20, 2015, served summons and the Amended Complaints upon FreeMotion. Both Amended Complaints assert breach of contract claims and a declaratory relief claim against FreeMotion, arising from the parties' agreements. On April 6, 2015, the Oregon cases were removed to this Court, and later consolidated.

On March 12, 2015, FreeMotion filed suit in the First Judicial District Court in and for Cache County, State of Utah (Civil No. 150100130), alleging Foundation breached the Supply Contracts and, along with a purported parent company and two related companies, intentionally interfered with FreeMotion's performance of the Supply Contracts. (Def.'s Mem. Dismiss Ex. C (hereinafter "Utah Complaint").) Specifically, pursuant to the same agreements underlying the Oregon cases, FreeMotion seeks relief against Foundation in Utah for the following causes of action under Utah

---

[1] In deciding a motion to dismiss, the Court may consider documents attached to the pleadings or referenced therein without converting the motion into one for summary judgment. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

Page 3 - FINDINGS AND RECOMMENDATION

law: (a) breach of contract; (b) breach of duty of good faith and fair dealing; (c) declaratory judgment; (d) intentional interference with economic relations; and (e) injunctive relief. (Utah Compl. ¶¶ 48-68.)

Foundation removed the FreeMotion action to the U.S. District Court in Utah. Presently pending before the U.S. District Court for the District of Utah ("Utah Federal Court") is FreeMotion's motion to remand the case to the Utah state court. The issues raised in the present motion, *i.e.*, whether venue is vested exclusively in the First Judicial District of Cache County, Utah, is also before the Utah Federal Court. (Pl.'s Opp. Ex. A.)

The Supply Contracts at issue in these cases contain the following clause:

> 19. <u>Governing Law</u>. This Agreement, and all matters relating hereto, including any matter or dispute arising out of the Agreement, shall be interpreted, governed, and enforced according to the laws of the State of Utah, **and the parties hereto consent to the jurisdiction of the First Judicial District Court of Cache County, State of Utah, to resolve such disputes**.

(Def's Mem Dismiss Ex. A at 15-16; Ex. B at 16 (emphasis added).) The Supply Contracts attach and incorporate other agreements between the parties, including "Purchase Order Terms" issued by Icon Health and Fitness ("Purchase Order"), FreeMotion's parent company, and a Supplier Agreement Book (aka Vendor Compliance Manual) ("Supplier Agreement Book"). The Purchase Orders contain this clause:

> 10. <u>Governing Law and Jurisdiction</u>. The Purchase Order and all forms and conditions hereof shall be construed under the laws of the State of Utah, regardless of place of acceptance. By acceptance of or shipment of goods under the Purchase Order, **[Foundation] expressly agrees to the exclusive jurisdiction of the applicable courts of the State of Utah to resolve any dispute arising hereunder**.

(Def.'s Mem. Dismiss Ex. A at 28; Ex. B at 28 (emphasis added).) In addition, the Supplier Agreement Book contains this clause:

Page 4 - FINDINGS AND RECOMMENDATION

15. <u>Governing Law</u>. This Agreement, and all matters relating hereto, including any matter or dispute arising out of this Agreement, shall be interpreted, governed, and enforced according to the laws of the State of Utah, and **the parties hereto consent to the exclusive jurisdiction of the First Judicial District Court of Cache County, State of Utah, or to any federal court located in the State of Utah, to resolve such disputes.**

(Def.'s Mem. Dismiss Ex. A at 89 (emphasis added).)

The Supply Contracts also include the following clause:

8. <u>FreeMotion Purchase Orders</u>. Vendor and FreeMotion acknowledges and agrees that the terms of FreeMotion's purchase orders (as attached in Exhibit F), as from time to time issued by FreeMotion and accepted by Vendor, constitute an integral part of the agreement between FreeMotion and Vendor. **Accordingly, any breach by Vendor or FreeMotion of any one (1) or more of the terms of any purchase orders to Vendor shall constitute a breach of the applicable Supplier Agreement Book and this Agreement. To the extent the terms of this Agreement and FreeMotion's purchase orders or Supplier Agreement Book are inconsistent, the terms of this Agreement shall govern.** To the extent the terms of the Supplier Agreement Book and FreeMotion's purchase orders are inconsistent, the terms of FreeMotion's purchase orders shall govern. . . .

(Def.'s Mem. Dismiss Ex. A at 9: Ex. B at 10 (emphasis added) (referred to herein as the "trump" clause).)

## II. DISCUSSION

A.    <u>Motion to Dismiss for *Forum Non Conveniens*</u>

    1.    *Legal Standard*

FreeMotion contends the Supreme Court's recent decision in *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, ___ U.S. ___, 134 S. Ct. 568 (2013), sets the new legal standard for *forum non conveniens* motions. In *Atlantic Marine*, the U.S. Supreme Court clarified that the appropriate vehicle for enforcing a forum-selection clause in federal court

is a motion to transfer venue, pursuant to 28 U.S.C. § 1404(a).[2] *Id*. at 579. The Court also recognized that "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases"(*id*. (quotation and citation omitted)), and that "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis[.]" *Id.* at 580.

Having reviewed *Atlantic Marine* and its progeny, this Court concludes that the Supreme Court's "adjustments" to the traditional analysis of forum-selection clauses apply only where a plaintiff has disregarded a contractually agreed-upon forum. 134 S. Ct. at 581 ("Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."). When, however, a forum-selection clause is not mandatory, a majority of federal courts have rejected the analysis employed by the Supreme Court in *Atlantic Marine*, and have instead applied the traditional analysis. *See, e .g, Lavera Skin Care North American, Inc. v. Laverana GMBH & Co. KG*, No. 2:13-cv-2311-RSM; 2014 WL 7338739, *5 (W.D. Wash. Dec. 19, 2014) (cases cited therein); *see also GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1029-30 (11th Cir. 2014) (remand for determination of whether contract "contains a mandatory forum-selection clause" that would implicate *Atlantic Marine*);*Taylor v. Goodwin & Assoc. Hospitality Services, LLC*, No. C 14–5098 KLS; 2014 WL 3965012, *3 (W.D. Wash. Aug. 13, 2014) (applying analysis in *Atlantic Marine* only upon determining the forum-selection clause was mandatory).

---

[2] Consistent with the Supreme Court's holding in *Atlantic Marine*, the Court reviews FreeMotion's Motion to Dismiss for *Forum Non Conveniens* as a motion to transfer venue. 134 S. Ct. at 580.

### 2. *The Parties' Arguments*

The parties do not dispute that the forum-selection clauses in the Purchase Order and the Supplier Agreement Book are mandatory. (Def.'s Mem. Dismiss Ex. A at 28, 89; Ex. B at 28.) Further, Foundation asserts, and FreeMotion accepted for the sake of oral argument only, that the forum-selection clause in the Supply Contracts are not mandatory.

The parties strongly disagree, however, about the legal effect of paragraph eight in the Supply Contracts (the "trump" clause). The trump clause provides: "To the extent the terms of this Agreement and FreeMotion's purchase orders or Supplier Agreement Book are inconsistent, the terms of this Agreement shall govern." (Def.'s Mem. Dismiss Ex. A at 9: Ex. B at 10.) Foundation argues that the forum-selection clauses in the Purchase Order and the Supplier Agreement Book (mandatory forum-selection clauses) are inconsistent with the forum-selection clause in the Supply Contracts (a permissive forum-selection clause), and that therefore the permissive clause in the Supply Contracts must govern, pursuant to the trump clause. (Def.'s Mem. Dismiss Ex. A at 9: Ex. B at 10.) FreeMotion, on the other hand, contends that the forum-selection clauses are not inconsistent, that the trump clause is therefore never triggered, and that the Court should seek to harmonize all clauses by enforcing the mandatory forum-selection clauses in the Purchase Order and the Supplier Agreement Book.

### 3. *Analysis*

There are two issues that the Court must answer to resolve FreeMotion's request to transfer venue to Utah. First, the Court must decide whether Foundation, through its agreements with FreeMotion, agreed to bring suit only in Utah. In other words, the Court must determine if the various forum-selection clauses at issue here are mandatory or permissive. If the Court finds there

are both mandatory and permissive forum-selection clauses included within the parties' agreements, the Court must then decide whether the terms of the Supply Contracts govern pursuant to the trump clause, or whether the Court should attempt to harmonize the competing forum-selection clauses.[3]

(a)  Are the Forum-Selection Clauses Mandatory or Permissive?

To interpret the forum-selection clauses, this Court, sitting in diversity, must apply federal law, despite the Supply Contracts' choice-of-law provisions selecting Utah law. *See, e.g., Manetti–Farrow, Inc. v. Gucci Am. Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) ("because enforcement of a forum clause necessarily entails interpretation of the clause before it can be enforced, federal law applies to interpretation of forum selection clauses"); *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) ("We apply federal law to the interpretation of the forum selection clause."); *Indoor Billboard Northwest Inc. v. M2 Systems Corp.*, 922 F. Supp. 2d 1154, 1160 (D. Or. 2013) ("This Court must follow Ninth Circuit law and, therefore, must interpret the forum-selection clause at issue here under federal common law without regard to the Promissory Note's Connecticut choice-of-law provision.")

Under federal law, a mandatory forum-selection clause "clearly require[s] exclusive jurisdiction." *Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 77 (9th Cir. 1987). To be deemed mandatory (or "exclusive"), the language in the clause must require "that the designated courts are the only ones which have jurisdiction." *Id*. at 77-78. In contrast, a permissive clause sets forth only "consent" to jurisdiction in a designated forum, but is not "exclusive," *i.e.*, the same subject matter could be litigated in another court. *Id*. at 77; *see also Docksider, Ltd. v. Sea*

---

[3] As a threshold matter, the Court notes that neither party contends that the forum-selection clauses at issue are invalid or unenforceable. Additionally, neither party has challenged the personal jurisdiction of this Court.

Page 8 - FINDINGS AND RECOMMENDATION

*Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) ("When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive.")

Consistent with *Hunt Wesson* and many other federal cases, the Court finds that the forum-selection clauses in the Supply Contracts are clearly permissive. The language of those clauses is similar to the version of the clause the Ninth Circuit found to be permissive in *Hunt Wesson*. In *Hunt Wesson*, the forum-selection clause provided that the "courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or interpretation of the contract." *Id.* at 76. Similarly here, the forum-selection clause in the Supply Contracts provides: "the parties hereto consent to the jurisdiction of" Utah courts. (Def.'s Mem. Ex. A 15-16; Ex. B at 15.) Importantly, the forum selection-clause in the Supply Contracts uses the term "consent to the jurisdiction," rather than "shall have jurisdiction." Pursuant to settled authority, the parties' consent to jurisdiction in a given court does not preclude one of the parties from filing a complaint in a different court. *See id.* at 77 (the language "mandates nothing more than that Orange County courts have jurisdiction").

In contrast, the forum-selection clauses in the Purchase Order ("expressly agrees to the exclusive jurisdiction of the applicable courts of the State of Utah"), and in the Supplier Agreement Book ("consent to the exclusive jurisdiction" of Utah courts), clearly provide for exclusive jurisdiction in those courts. (Def.'s Mem. Ex. A at 28, 89; Ex. B at 28.) Accordingly, those forum-selection clauses are mandatory. *See Hunt Wesson*, 817 F.2d at 77-78 (language in a mandatory clause requires "the designated courts are the only ones which have jurisdiction"). If a dispute arose

under those agreements only, the parties would be required to file their action in the designated forum.

In sum, the parties' various agreements include both permissive (Supply Contracts) and mandatory (Purchase Order and Supplier Agreement Book) forum-selection clauses.

### (b) Are the Forum-Selection Clauses Inconsistent?

Foundation contends that the permissive forum-selection clause in the Supply Contracts is inconsistent with the mandatory forum-selection clause in the Purchase Order and Supplier Agreement Book. In the event of inconsistent terms, Foundation argues that the trump clause in the Supply Contracts resolves the inconsistency in favor of the Supply Contracts' term: "[t]o the extent the terms of this Agreement and FreeMotion's purchase orders or Supplier Agreement Book are inconsistent, the terms of this Agreement shall govern." (Def.'s Mem. Dismiss Ex. A at 9: Ex. B at 10.)

FreeMotion, on the other hand, characterizes the permissive and mandatory clauses as complementary, rather than contradictory. FreeMotion argues that the trump clause is therefore not triggered, and that the Court must enforce the mandatory forum-selection clause in the Purchase Order and Supplier Agreement Book in an effort to harmonize all of the forum-selection clauses.

FreeMotion directs this Court to *Summa Humma Enterprises, LLC v. Fisher Engineering*, No. 12-CV-367-LM, 2013 WL 57042 (D.N.H. Jan. 3, 2013). In *Summa Humma*, the court reconciled competing permissive and mandatory forum-selection clauses, despite a trump clause in the primary contract. That court first noted its obligation to construe and harmonize both agreements in a manner to avoid rendering any provision, in either document, meaningless. *Id*. at 5. Next, the court determined that plaintiff's submission to the exclusive jurisdiction of the state and federal courts in

Page 10 - FINDINGS AND RECOMMENDATION

Maine (mandatory clause), was not inconsistent with plaintiff consenting to personal jurisdiction in Maine (permissive clause). *Id*. ("the latter is included within the former"). In that court's view, requiring plaintiff to honor the mandatory clause did not require it to give up any right it was granted by the permissive clause. *Id*.

This Court does not agree with the *Summa Humma* analysis. In that case, the court disregarded that a non-mandatory forum-selection clause grants a party the valuable right to file an action in a venue of their choosing. Requiring a party to litigate in a mandatory forum is very much inconsistent with the party's negotiated right to select its own forum. Thus, this Court disagrees that a permissive forum-selection clause in one contract is consistent with a mandatory forum-selection clause in another contract.

The parties anticipated that certain terms in the Purchase Order and Supplier Agreement Book might be inconsistent with the terms in the later-negotiated Supply Contracts, and therefore negotiated the trump clause in each of the Supply Contracts: "To the extent the terms of this Agreement and FreeMotion's purchase orders or Supplier Agreement Book are inconsistent, the terms of this Agreement shall govern." (Def.'s Mem. Dismiss Ex. A at 9: Ex. B at 10.) The parties bargained for the inclusion of the trump clause in the Supply Contracts, just as they bargained for the non-mandatory forum-selection clause in the Supply Contracts. The express, unambiguous terms of the Supply Contracts require a conclusion that Foundation never gave up its right to litigate in the venue of its choice. This Court will not alter the terms of the parties' bargain.

FreeMotion's concern that it will be required to litigate separately any dispute arising under the Purchase Order, in light of the mandatory forum-selection clause in that agreement, is not warranted. (Def.'s Reply 2.) The Supply Contracts expressly state that while the Purchase Order is

an integral part of the contract, a breach of the Purchase Order "shall constitute a breach of . . . [the Supply Contract.]" (Def.'s Mem. Dismiss Ex. A at 9.) Thus, while the Court may be required to interpret the Purchase Order to aid in resolving this dispute, claims necessarily will arise under the Supply Contracts even if they also constitute a breach of the Purchase Order. All of the claims alleged to date may be litigated in this forum, pursuant to the terms of the Supply Contracts.

In sum, this Court finds there is a conflict between the non-mandatory forum-selection clause found in the Supply Contracts, and the mandatory forum-selection clauses found in the Purchase Order and the Supplier Agreement Book. Pursuant to the negotiated trump clause in the Supply Contracts, the non-mandatory forum-selection clause in the Supply Contracts controls. That clause allows Foundation to litigate in its chosen forum.

In its Motion to Dismiss for *Forum Non Conveniens*, FreeMotion seeks dismissal only on the ground that the relevant forum-selection clauses *require* venue in Utah. FreeMotion does not request dismissal, or a transfer of venue, pursuant to the traditional § 1404(a) factors. Nothing stated herein shall prevent FreeMotion from filing a motion to transfer venue based upon the traditional § 1404(a) factors, if it deems such a motion appropriate.

For all of the reasons set forth herein, FreeMotion's Motion to Dismiss for *Forum Non Conveniens* should be denied. Consequently, FreeMotion's request for an award of costs and expenses incurred as a result of the present Motion should also be denied.

II.   Motion for Leave to File Second Amended Complaint

Foundation has moved the Court for leave to file a Second Amended Complaint. The proposed SAC "unifies" the two Amended Complaints, includes additional allegations, claims, and damages, and does not add any new parties.

"[A] party may amend its pleadings . . . [with] the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). "The propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus.*, 648 F. 2d 1252, 1254 (9th Cir. 1981). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

FreeMotion opposes the filing of a SAC only on the ground this case "should be dismissed, without prejudice, so Foundation may assert its claims in currently pending litigation in Utah." (Def.'s Opp. 2.) FreeMotion does not argue, nor does the Court find, that any of the relevant factors weigh against granting Foundation leave to amend. Thus, Foundation's Motion for Leave to File a Second Amended Complaint should be granted.

### III.  Conclusion

For the reasons set forth above, FreeMotion's Amended Motion to Dismiss for *Forum Non Conveniens* (ECF No. 11) should be DENIED; and Foundation's Motion for Leave to File Second Amended Complaint (ECF No. 20) should be GRANTED.

///

///

///

///

///

///

Page 13 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 29th day of May, 2015.

STACIE F. BECKERMAN
United States Magistrate Judge